UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FRANK M. PECK,  )
  )
            Plaintiff,  )    3:09-cv-0381-LRH-VPC
  )
vs.  )
  )    **ORDER**
HOWARD SKOLNICK, *et al.*,  )
  )
            Defendants.  )

Plaintiff Frank M. Peck, has been granted leave to proceed in *forma pauperis* and has paid the initial installment. He has also filed a First Amended Complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983. The complaint is subject to the provisions of 28 U.S.C. § 1915 and the court's review under that statute is discussed below.

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1914A(a). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988). Dismissal of a complaint or part thereof for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12 (b)(6), and the court will apply the same standard under §1915 when reviewing a complaint or an amended complaint. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether plaintiff has stated a claim upon which relief

can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, if it appears to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may *sua sponte* dismiss the cause of action or portions thereof. *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1309 (9th Cir. 1982).

An entire complaint or portions thereof filed by a prisoner shall be dismissed *sua sponte* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). This includes those that possess legal conclusions that are untenable (e.g., wherein the defendants are immune from suit or claims of infringement of a legal interest which clearly does not exist) as well as those that only contain fanciful factual allegations, (e.g., claims describing fantastic or delusional scenarios). The complaint filed herein is subject to *sua sponte* dismissal prior to service on the named defendants.

**II.    Discussion**

Plaintiff brings five claims for relief based upon alleged violations of the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. He complains of events related to a criminal charge levied against him after he had been incarcerated on a prior conviction. Specifically, he complains that the prison administration failed to provide him with adequate legal resources in his efforts to prepare pretrial motions and that Washoe County Sheriff's deputies mistreated him when transporting him to jail pending his criminal trial, that Washoe County Jail Administration and sheriff's deputies failed to properly assist him in preparing and filing pretrial motions when he was permitted to represent himself. Plaintiff further complains that a detective perjured herself in order to obtain an arrest warrant, that the court improperly refused to recuse itself in his criminal trial, that Robert Bell improperly appointed incompetent defense counsel and that defense counsel was ineffective.

Plaintiff identified thirteen defendants, naming all but Howard Skolnick, Sheriff Michael Haley, and Washoe County in their personal capacities. Skolnick, Haley, and Washoe County are named in their official capacities.

A person cannot be sued in their official capacity for money damages. Only injunctive relief is available for defendants said to be acting in their official capacity. Plaintiff properly seeks injunctive relief against Skolnik and Haley. Individual capacity suits seek to impose personal liability upon a governmental official for actions taken under the color of state law. *Kentucy v. Graham,* 473 U.S. 159, 165 (1985). Here, plaintiff seeks money damages against those named in their individual capacity.

To prevail under section 1983, a plaintiff must demonstrate that he has suffered a violation of rights protected by the constitution or federal statute, caused by the conduct of a person acting under color of state law. *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991).

Count I

In Count I, plaintiff claims a violation of the First Amendment right to free speech, the Fifth and Fourteenth Amendments' guarantees of due process and the Sixth Amendment's right to access courts. Plaintiff complains that Nevada Department of Corrections' Director Howard Skolnick failed to provide pretrial prisoners with adequate tools and resources to perfect meaningful pleadings from within the prison. He specifically complains that the director has failed to anticipate and address the need for pretrial prisoners to obtain scientific research materials.

Prison officials have an affirmative duty to supply indigent inmates with the tools necessary to petition the courts for redress of two types of claims: (1) those surrounding the inmates' conviction and (2) issues related to the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996); *See also Cornett v. Donovan*, 51 F.3d 894, 899 (9th Cir.1995); *Sands v. Lewis*, 886 F.2d 1166, 1169-70 (9th Cir.1989). This is a right guaranteed by the Fourteenth Amendment's due process clause. There is no established minimum requirement for satisfying the access requirement; rather, "a reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access." *Sands* at 1169. To state an access to the courts claim, an inmate must

3

1  demonstrate "actual injury," i.e. "some specific instance in which an inmate was actually denied
2  access to the courts." *Id.* at 1171. (*quotations and citations omitted*).

3        Plaintiff's claim is inadequate as his desire to access the court in this instance was not related
4  to his conviction or the conditions of his confinement, but rather to his criminal defense. A criminal
5  defendant has a right to counsel for his defense. U.S. Const. amend. VI. The courts have recognized
6  a defendant's right to represent himself, but that right has limitations. *See U.S. v. Mendez-Sanchez,*
7  563 F.3d 935, 945 (9th Cir. 2009) *citing Feretta v. California,* 422 U.S. 806 (1975). Those
8  limitations include a knowing waiver of the right to counsel and acknowledgment of the risks and
9  dangers of self-representation. *Id.* The risks and dangers include the obvious limitations on a
10 detained or incarcerated defendant's access to legal research material and tools.

11       Thus, while the director of prisons may be charged with providing adequate legal resources
12 and tools to inmates to pursue criminal appeals and grievances about the conditions of confinement,
13 plaintiff's complaints do not fall into that realm. Furthermore, he has not demonstrated that he
14 suffered an actual injury, having failed to identify any specific opportunity lost to him in pursuing a
15 criminal appeal or prison conditions action. He has failed to state a claim of denied access to the
16 courts.

17       Plaintiff also complains that Warden Benedetti moved plaintiff to segregation under false
18 pretenses to prevent him from having access to the law library and other tools or persons available to
19 assist him.

20       A prisoner alleging retaliation under 42 U.S.C. § 1983 must establish (1) that he was
21 retaliated against for exercising his constitutional rights and (2) that the retaliatory action did not
22 advance legitimate penological goals, such as preserving institutional order and discipline. *See Pratt*
23 *v. Rowland*, 65 F.3d 802, 806 (9th Cir.1995); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th
24 Cir.1994) (per curiam); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985). Where a prisoner
25 challenges the veracity of the foundation for disciplinary charges against him, this dispute can
26 support a jury finding of retaliation. *See Hines v. Gomez*, 108 F.3d 265, 268 (9th Cir.1997). "The
27
28

plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *Pratt*, 65 F.3d at 806.

Plaintiff acknowledges that Benedetti "segregated plaintiff claiming plaintiff was involved with another inmates [sic] aleged [sic] escape plot," and that when he was cleared by the investigation, no charges or other repercussions were lodged against him. Thus, plaintiff has failed in his burden, as a clear and legitimate correctional goal is served in the investigation and prevention of escape attempts.

Count I shall be dismissed. Because it does not appear that he would be able to state facts sufficient to state a claim for denied court access, due process, or retaliation in the circumstances described, the claim shall be dismissed with prejudice.

Count II

In Count II, plaintiff alleges defendants Sheriff Haley, Deputy Doe #4, Deputy Thomas and Lt Supervisory Jane Doe #3 violated his right to freedom of speech, his due process rights, and his right to confront witnesses and access the courts. These alleged violations occurred after plaintiff was transported from the prison into custody at the Washoe County Jail for pretrial motions hearings and, presumably, for trial. Plaintiff contends that he was again denied proper legal materials, having only a pencil and paper with which to prepare pretrial motions. He further asserts that once those motions were prepared, the deputies named above failed, or refused, to assist him in filing his "time sensitive" motions with the court.

As noted in the discussion of Count I, the right to access the court is limited. Plaintiff has not shown that he was unable to bring his motions to the court for hearing personally during one of his appearances, or that the motions were denied as untimely filed. Moreover, as noted, the motions he discusses were not related to his conviction, but his criminal defense. Count II shall be dismissed.

///
///
///

Count II-A[1]

In this count, plaintiff complains that defendants Thomas, Wheeler, and Does #1 and #2 violated his Eighth Amendment right to be free from cruel and unusual punishment during his transport from Washoe District Court, at which time he contends that Doe #2 assaulted him while the others failed to intercede.  Plaintiff does not state specifically what the purported assault was, but the court infers it was because Doe #2 restrained plaintiff too tightly with chains, which caused difficulty in breathing, pain, severe anxiety, and bloody urine for two days.  Plaintiff further alleges he was denied medical care for the bloody urine when he reported it to the jail staff and was advised by prison medical staff that if the bleeding had stopped, he need not worry about it.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve the "wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Generally, a prison's "obligation under the Eighth Amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982).  However, a prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991), and (2) the prison official must possess a sufficiently culpable state of mind. *See id*. (*citing Wilson*, 501 U.S. at 297).  In prison-condition cases the necessary state of mind is "deliberate indifference." *See Helling v. McKinney*, 509 U.S. 25, 32-33(1993) (inmate health); *Wilson*, 501 U.S. at 302-03 (general conditions of confinement); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (inmate health).

Plaintiff has stated a claim of excessive force and deliberate indifference to an injury inflicted by prison officials.  He may proceed on this count against the defendants named therein.

///

///

---

[1] This count designation was created by plaintiff and adopted by the court to avoid confusion.

6

Count III

In this count, plaintiff alleges that Defendant Greta Fyi committed perjury against him in December 2004 and against in December 2005, when she told the court that plaintiff had a two inch scar on his upper torso in order to obtain a seizure order.

This count must be dismissed as it was not raised within the time allowed by law. The statute of limitations for section 1983 actions brought in Nevada is two years. NRS 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.), *cert. denied*, 493 U.S. 860 (1989). The events identified in this count occurred more than four years ago.

Count III-A

In this count, plaintiff raised a claim of ineffective assistance of counsel where he was appointed a criminal defense attorney who was not fully qualified to represent him or to file a direct appeal on his behalf. Plaintiff further complains that the judge in his criminal trial refused to recuse himself from hearing the case.

This claim is not properly raised in a section 1983 action unless plaintiff can prove that his criminal conviction has been overturned. Where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding. *See Heck v. Humphrey,* 512 U.S. 477, 483-87 (1994); *see also Edwards v. Balisok,* 520 U.S. 641, 646-48 (1997). Thus, Count III-A will be dismissed without prejudice. Plaintiff may amend the claim if he can prove affirmatively that the criminal conviction of which he speaks has been overturned.

**III.   Conclusion**

Count I, II and III of the First Amended Complaint shall be dismissed with prejudice. Plaintiff shall be permitted to proceed on count II-A against defendants Thomas, Wheeler, and John Does #1, and #2 as to claims of excessive force and deliberate indifference to a risk of harm. Count III-A shall be dismissed with leave to amend, provided that plaintiff can provide documentary proof that his criminal conviction has been overturned by way of direct appeal or habeas corpus.

7

1  Defendants Skolnick, Benedetti, Haley, Washoe County, Greta Fyi, Jane Doe #3, and John Doe #4
2  are dismissed with prejudice.
3      **IT IS THEREFORE ORDERED** that the complaint may proceed as to count II-A against
4  defendants Thomas, Wheeler and John Does #1 and #2.
5      **IT IS FURTHER ORDERED** that counts one, two and three are dismissed with prejudice.
6      **IT IS FURTHER ORDERED** that count III-A is dismissed with leave to amend, if
7  possible, in conformance with this order.
8      **IT IS FURTHER ORDERED** that defendants Skolnick, Benedetti, Haley, Washoe County,
9  Greta Fyi, Jane Doe #3, and John Doe #4 are dismissed with prejudice.   Defendants Bell and
10 Lindsay are dismissed without prejudice, pending defendant's amendment of count III-A.
11     **IT IS FURTHER ORDERED** that plaintiff shall file his "Second Amended Complaint
12 within thirty days of the date of this order.
13     DATED this 30th day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

8