**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANK M. PECK,<br><br>Plaintiff,<br>v.<br><br>THOMAS, *et al.*,<br><br>Defendants. | 3:09-cv-00381-LRH-VPC<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**<br><br>August 23, 2011 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#32).[1] Plaintiff opposed (#34) and defendants replied (#35). The court has thoroughly reviewed the record and recommends that defendants' motion to dismiss (#32) be granted in part and denied in part.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Frank M. Peck ("plaintiff") is an inmate at High Desert State Prison ("HDSP") in the custody of the Nevada Department of Corrections ("NDOC") (#36). Plaintiff's second amended complaint alleges that defendants Wheeler, Thomas, and John Does #1 and #2 transported plaintiff from the state district court to the Washoe County jail during his criminal trial (#19, p. 4). Plaintiff claims that during this transfer, "Deputy Sheriff plain clothes courtroom officer, 'shorter of the two,'" threatened to "cave in Plaintiff's skull" and also cinched plaintiff's belly chain "so tightly under [plaintiff's] ribs and diaphram [sic] Plaintiff's skin entered chain link pinching cutting and bleeding all while not being able to breath [sic]," and that plaintiff "begged and pleaded and tried to scream but was unable to even speak [and] had severe anxiety attacks and passed out in patrol car on way back to jail." *Id.* Plaintiff states that he sent a kite to the medical staff at Washoe County jail and informed defendant Thomas of the injury, but he was not provided with assistance. *Id.*

---

[1] Refers to the court's docket numbers.

Plaintiff accuses defendants Thomas, Wheeler, and John Doe #1 of failing to assist him during and immediately after the assault. *Id.* Plaintiff claims that these acts violate the Fifth, Fourteenth, and Eighth Amendments. *Id.*

Defendants' present motion requests that the court dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted (#32, p. 1). As an initial point of clarification, defendants comment that the John Doe defendants identified by plaintiff are not employees of Washoe County, but are believed to be Second Judicial District Court employees. *Id.* at 3. Defendants go on to argue that plaintiff fails to identify how defendants Wheeler and Thomas personally participated in the alleged constitutional injuries. *Id.* at 6. "[Plaintiff] has not alleged that either Deputy Wheeler or Deputy Thomas had any idea or reason to believe that Plaintiff had been chained too tightly." *Id.* Defendants also claim that plaintiff's constitutional rights were not violated when he was threatened. *Id.* at 8.

Defendants further contend that plaintiff's rights were not violated when defendants Thomas and Wheeler observed other officers applying restraints. *Id.* at 9. Defendants believe that the officer applying the restraints asked plaintiff to exhale prior to tightening the belly chain specifically so the chain would not be too tight. *Id.* Defendants comment that plaintiff was purportedly unable to breathe or speak and, therefore, passed out. *Id.* Defendants believe that these facts indicate that "none of the deputies involved in the transport could possibly have known" that plaintiff's belly chain was too tight as he did not alert them to that fact. *Id.* Defendants assert that even if plaintiff's rights were violated, defendants are entitled to qualified immunity. *Id.* at 10. Defendants also state that plaintiff indicated In his complaint that he failed to exhaust his administrative remedies prior to filing this lawsuit. *Id.* at 14. Defendants do not include or attach any information regarding the exhaustion process at Washoe County jail. *Id.*

In his opposition, plaintiff first argues that the John Doe deputies to which he refers in his complaint are Washoe County Sheriff's Office employees (#34, p. 2). He states that he knows this because he has "personally seen the two John Doe's wearing Washoe County Sheriff's uniforms during newscasts of courtroom coverage." *Id.* Plaintiff also notes that his complaint alleges that defendants Wheeler, Thomas, and John Doe #1 failed to intervene during an assault, which took

place in their presence, and that defendant John Doe #2 was responsible for the assault. *Id.* at 3. Specifically, plaintiff claims that the assault took place in a small cell with all defendants present. *Id.* at 5. Plaintiff notes that his "body language was unmistakeable [sic] of that of extreme distress" and he asserts that he lost consciousness in the patrol car, which he believes defendant Thomas could see from his position in the car. *Id.* at 6.

Plaintiff believes that qualified immunity is not available to the officers in this case. *Id.* at 7-9. Further, plaintiff states that he did file a grievance for the assault, which later disappeared. *Id.* at 10. Plaintiff claims he was only at the jail for two days after his assault and also contends that he need not file a grievance if it would be futile. *Id.* at 10-11. Finally, plaintiff comments that he also asserts violations of his Fifth and Fourteenth Amendment rights to due process. *Id.* at 3.

Defendants' reply states that "Plaintiff has failed to allege anything that shows that either Deputy Wheeler or Deputy Thomas actually knew that the belly chains had been applied too tightly" (#35, p. 5). They further explain that plaintiff contends that the defendants were aware of the issue simply because they were present and defendants argue that such an inference is not warranted. *Id.* at 6. Defendants also reassert their right to qualified immunity. *Id.* at 6-7. Defendants note that plaintiff failed to file a grievance about the alleged assault. *Id.* at 7. Rather, plaintiff filed a grievance regarding his medical condition and claims that this grievance disappeared. *Id.* at 8. Defendants again fail to attach a copy of the grievance procedure for the court's review, but contend that plaintiff failed to exhaust his administrative remedies. *Id.* at 8-9.

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Exhaustion

The failure to exhaust is an affirmative defense, and the defendant bears the burden of raising and proving failure to exhaust. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), *cert. denied* 540 U.S. 810 (2003). The failure to exhaust administrative remedies is treated as a matter in abatement, and is properly raised in an unenumerated 12(b) motion. *Wyatt*, 315 F.3d at 1119 (citations omitted); *see also Ritza v. Int'l Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988). As such, failure to exhaust is not properly raised in a motion for summary

judgment, but if it is so raised, it should be treated as a motion to dismiss. *Ritza*, 837 F.2d at 368 (citations omitted). If the court ultimately finds that plaintiff has not exhausted his nonjudicial remedies, the proper remedy is dismissal of his claims without prejudice. *Wyatt*, 315 F.3d at 1119-20, *as noted in O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007); *see also Ritza*, 837 F.2d at 368.

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739-40 n.5). Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

Plaintiffs must properly exhaust nonjudicial remedies as a precondition to bringing suit. The PLRA requires "proper exhaustion," meaning that the prisoner must use "all steps the agency holds out, and doing so *properly* (so that the agency addresses the merits)." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Requiring exhaustion prior to filing suit furthers the congressional objectives of the PLRA as set forth in *Porter. See id.* at 1200. "Applicable procedural rules [for proper exhaustion] are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218.

**2. Motion to Dismiss**

"A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir.1983) (citation omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court employs to a two-pronged approach. *Id.* First, the court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 1950. In other words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Thus, a complaint may be dismissed as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental Grp. v. Delta Dental Plan,* 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984)).

Under Section 1983, a plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege, or immunity guaranteed by the U.S. Constitution or federal law, and (2) that the defendant acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A *pro se* plaintiff's second amended complaint must be construed liberally and can only be dismissed where it appears certain that the plaintiff would not be entitled to relief. *Ortez v. Washington Cnty., State of Or.,* 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner,* 404 U.S. 519 (1972), sweeping conclusory allegations will not suffice. *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir.1988).

**B. Analysis**

Defendants move this court to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted because they believe plaintiff failed to allege personal involvement in the deprivation of his constitutional rights by defendants John Doe #1, Wheeler, and Thomas (#32, p. 6). Additionally, defendants contend that plaintiff's rights were not violated when defendant John Doe #2 threatened him and applied the belly chain tightly. *Id.* at 8-10. Plaintiff maintains that the

assault took place in close quarters, rendering defendants John Doe #1, Wheeler, and Thomas acutely aware of defendant John Doe #2's conduct (#34, p. 5-6). Further, plaintiff contends that his behavior clearly indicated his distress, including the fact that he passed out due to the restriction of his breath caused by the chain. *Id.* at 6.

The court addresses two initial matters before evaluating the substance of plaintiff's motion. First, defendants claim that plaintiff failed to exhaust his administrative remedies (#32, p. 14-15). Defendants bear the burden of proving plaintiff's failure to exhaust and the court finds that they do not meet this burden. Defendants point to plaintiff's complaint as evidence of his failure to exhaust. *Id.* at 15. However, they fail to describe the process by which plaintiff could have exhausted his administrative remedies and do not attach to their motion a copy of the relevant grievance procedure. As applicable prison regulations define exhaustion requirements, the court declines to speculate as to the steps plaintiff should have taken to exhaust his remedies. Further, it is unclear to the court, given that the offense took place during transport to Washoe County jail and the fact that plaintiff did not remain at the facility for more than two days after the alleged assault, how and where plaintiff should have filed his grievance forms. Therefore, the court recommends that defendants' motion to dismiss plaintiff's complaint for failure to exhaust his administrative remedies be denied based upon the sparse information before the court.

Second, plaintiff states in his complaint and opposition to defendants' motion that the facts he alleges describe violations of the Fifth, Eighth, and Fourteenth Amendments (#19, p. 4 & #34, p. 3). Having reviewed the facts closely, the court is unclear how the Fifth or Fourteenth Amendments would be implicated in plaintiff's case and plaintiff provides no details regarding these claims. Further, the court previously screened plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A and dismissed with prejudice all counts other than plaintiff's Eighth Amendment excessive force and deliberate indifference claims (#18, p. 8). The court allowed plaintiff leave to amend his ineffective assistance of counsel claim, but plaintiff includes no such facts in his second amended complaint. *Id.* at 7. Therefore, the court recommends that defendants' motion to dismiss plaintiff's Fifth and Fourteenth Amendment claims be granted, as plaintiff fails to state claims upon which relief may be granted and plaintiff's Fifth and Fourteenth Amendment claims were previously

dismissed on screening without leave to amend.

**1. Eighth Amendment Excessive Force**

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Id.* at 7.

Additionally, the extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. *Id.* Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id.* That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. *Id.* at 9. Although an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action. *Id.* "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id.* (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973), *cert. denied sub nom*. *Johnson*, 414 U.S. 1033 (1973)). The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force. *Id.* at 9-10.

Plaintiff accuses defendant John Doe #2 of threatening to "cave in plaintiff's skull." Absent the application of force, this threat does not rise to the level of excessive force, as mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *see also Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *overruled in part by Shakur v. Schiriro*, 514 F.3d 878 (9th Cir. 2008). Accordingly, the court recommends that defendants' motion to dismiss plaintiff's claim that

defendant John Doe #2 threatened to harm in violation of the Eighth Amendment be dismissed for failure to state a claim.

Plaintiff also claims that defendant John Doe #2 cinched the belly chain around his waist tight enough to restrict his breathing, rendering him unable to speak and eventually causing him to pass out. The court finds that while the use of a belly chain during transport of an inmate is reasonable, the application of enough force to cause the inmate to be unable to breath or to lose consciousness is clearly not necessary to achieve safety and security. The court understands defendants' contention that defendant John Doe #2 asked plaintiff to exhale prior to the application of the belly chain in order to avoid making the chain too tight. However, notwithstanding this logical inference, plaintiff contends that even after instructing plaintiff to exhale, defendant John Doe #2 proceeded to tighten the chain to the point that plaintiff was unable to breathe and eventually lost consciousness. Therefore, construing the facts in plaintiff's favor, the court recommends that defendants' motion to dismiss plaintiff's claim for excessive force against defendant John Doe #2 be denied.

**2. Deliberate Indifference**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *see Farmer v. Brennan*, 511 U.S. 825, 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official must possess a sufficiently culpable state of mind, *see id.* (citing *Wilson*, 501 U.S. at 297). In prison condition cases the necessary state of mind is "deliberate indifference." *See Helling v. McKinney*, 509 U.S. 25, 32-33 (1993) (inmate health); *Wilson*, 501 U.S. at 302-03 (general conditions of confinement); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (inmate health).

Plaintiff accuses defendants John Doe #1, Wheeler, and Thomas of failing to assist him after defendant John Doe #2 applied his belly chain tightly enough to restrict his breathing, thus causing him to pass out. Defendants point to a sentence in plaintiff's complaint to refute his claim that defendants John Doe #2, Wheeler, and Thomas were deliberately indifferent to his needs. Plaintiff

states in his complaint that he "begged and pleaded and tried to scream but was unable to even speak had severe anxiety attacks and passed out in patrol car on way back to jail" (#19, p. 4). Defendants argue that this sentence is inconsistent because plaintiff either begged and pleaded, thus notifying surrounding officers of his distress, or he was unable to speak, leaving the surrounding officers unaware of his condition. While the court agrees that this sentence is not entirely clear, it does note that plaintiff alleges that he ultimately passed out. Further, plaintiff explains in his opposition that his body language gave clear notice of his distress. It seems to the court that, at the very least, officers responsible for transporting an inmate would notice if the inmate lost consciousness and would seek to assist him in that circumstance. Therefore, construing the facts in the light most favorable to the plaintiff, the court recommends that defendants' motion to dismiss plaintiff's claim of deliberate indifference against defendants John Doe #1, Wheeler, and Thomas be denied.

**3. Qualified Immunity**

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1240 (9th Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "In considering a claim of qualified immunity, the court must determine 'whether the facts that plaintiff has alleged . . . make out a violation of a constitutional right,' and 'whether the right at issue was clearly established at the time of the defendant's alleged misconduct.'" *Id.* (quoting *Pearson v. Callahan*, 129 S.Ct. 808, 815, (2009)). Whether a right is clearly established turns on the "objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Id.* "[A]ll but the plainly incompetent or those who knowingly violate the law have immunity from suit; officers can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation." *Id.*

The instant dispute is about necessity of the force defendant John Doe #2 applied by cinching the chain tightly enough to cause plaintiff to pass out. Similarly, the case calls into question the conduct of defendants John Doe #1, Wheeler, and Thomas, in allowing John Doe #2 to apply excessive force and in failing to aid plaintiff following the application of excessive force. At this

stage in the litigation, there is no merit to the argument that defendants should be shielded from liability because they did not know that cinching an inmate's belly chain tight enough to cause him to pass out comprises excessive force. Additionally, if, as plaintiff alleges, defendants did not prevent the application of this force and, instead, sat by while he struggled in pain and eventually passed out, defendants would surely have been aware of the unlawfulness of their actions. Construing the facts in plaintiff's favor, the court finds that it would be inappropriate to apply the shield of qualified immunity at this point. Therefore, the court recommends that defendants' motion to dismiss based upon defendants' qualified immunity be denied.

## III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that defendants' motion to dismiss (#32) be **GRANTED in part and DENIED in part**. The court recommends that defendants' motion to dismiss as to plaintiff's excessive force claim against defendant John Doe #2 for threatening him and plaintiff's Fifth and Fourteenth Amendment claims be **GRANTED**. As to all other claims included in plaintiff's complaint, the court recommends that defendants' motion to dismiss be **DENIED**. Further, the court recommends that defendants' motion to dismiss plaintiff's complaint for failure to exhaust administrative remedies and defendants' motion to dismiss based upon defendants' qualified immunity be **DENIED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#32) be **GRANTED in part and DENIED in part**, as follows:

1. Defendants' motion to dismiss as to plaintiff's excessive force claim against

defendant John Doe #2 for threatening him and plaintiff's Fifth and Fourteenth Amendment claims be **GRANTED**.

2. Defendants' motion to dismiss as to all other claims be **DENIED**.

**DATED**: August 23, 2011.

Valerie P. Cooke

**UNITED STATES MAGISTRATE JUDGE**